UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO LENELL DAVIS, | |
| Petitioner, | CIVIL ACTION NO. 1:16-cv-00357 |
| v. | (CONNER, J.)<br>(SAPORITO, M.J.) |
| LAUREL HARRY, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On February 29, 2016, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner on February 25, 2016. (Doc. 1). At the time of the filing of this federal habeas petition, the petitioner was incarcerated at SCI Camp Hill, which is located in Cumberland County, Pennsylvania.

The petitioner challenges his January 2007 conviction and sentence in the Court of Common Pleas of Dauphin County for aggravated assault. *Commonwealth v. Davis*, Docket No. CP-22-CR-0003275-2006 (Dauphin County C.C.P.).[1] His conviction and sentence were affirmed on direct

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, Civil Action No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see*
*(continued on next page)*

appeal by the Superior Court of Pennsylvania on December 26, 2007. *Commonwealth v. Davis*, Docket No. 367 MDA 2007 (Pa. Super. Ct.). He did not file a timely petition for allocatur with the Supreme Court of Pennsylvania. On August 13, 2014, he filed a petition for leave to file a *nunc pro tunc* allocatur petition, but this petition was summarily denied by the Supreme Court of Pennsylvania on September 29, 2014. *Commonwealth v. Davis*, Docket No. 126 MM 2014 (Pa.).

The petitioner subsequently filed a PCRA petition in the state trial court on May 22, 2008, which was dismissed by the PCRA court on December 31, 2008. *Commonwealth v. Davis*, Docket No. CP-22-CR-0003275-2006 (Dauphin County C.C.P.). This PCRA order was affirmed on appeal by the Superior Court of Pennsylvania on October 25, 2010. *Commonwealth v. Davis*, Docket No. 191 MDA 2009 (Pa. Super. Ct.). The

---

*also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Dauphin County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, available online at https://ujsportal.pacourts.us/DocketSheets.aspx, as well as the publicly available dockets of federal habeas proceedings in this Court and the United States Court of Appeals for the Third Circuit, available online at https://www.pacer.gov, and the Supreme Court of the United States, available online at http://www.supremecourt.gov.

petitioner did not file a timely petition for allocatur with the Supreme Court of Pennsylvania. On December 30, 2010, he filed a petition for leave to file a *nunc pro tunc* allocatur petition, but this petition was summarily denied by the Supreme Court of Pennsylvania on August 10, 2011. *Commonwealth v. Davis*, Docket No. 20 MM 2011 (Pa.).

The petitioner previously challenged this very same state court judgment in federal habeas proceedings before this very same federal district court, which dismissed his § 2254 petition as untimely pursuant to 28 U.S.C. § 2244(d). *See Davis v. Folino*, Civil Action No. 1:CV-12-0205, 2012 WL 6859440 (M.D. Pa. Oct. 3, 2012) (U.S. Magis. J. report), *adopted by* 2013 WL 152539 (M.D. Pa. Jan. 15, 2013), *certificate of appealability denied*, C.A. No. 13-1315 (3d Cir. May 21, 2013). He subsequently filed a second federal habeas petition, which was dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to Davis's right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(2) and (b)(3). *See Davis v. Harry*, Civil Action No. 1:15-cv-01807, 2015 WL 6746217 (M.D. Pa. Oct. 2, 2015) (U.S. Magis. J. report), *adopted by* 2015 WL 6735807 (M.D. Pa. Nov. 4, 2015).

In the instant petition, the petitioner claims that he is being

unlawfully held in custody because: (1) the state court lacked subject matter jurisdiction due to insufficient evidence to establish that a crime had been committed; (2) he is actually innocent of the crimes for which he was convicted and sentenced; (3) his trial, appellate, and PCRA counsel were constitutionally ineffective; (4) the state trial court abused its discretion in granting a prosecution motion to nolle prosse certain charges on the eve of trial; and (5) his conviction and sentence were obtained through prosecutorial misconduct of various stripes. Because these claims could have been raised in his initial federal habeas petition, the instant petition is a "second or successive" petition as to which this Court lacks subject matter jurisdiction in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815–17 (3d Cir. 2005).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to the petitioner's right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3). It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: April 18, 2016            ***s/ Joseph F. Saporito, Jr***.
                                                     JOSEPH F. SAPORITO, JR.
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO LENELL DAVIS, | |
| Petitioner, | CIVIL ACTION NO. 1:15-cv-01807 |
| v. | (CONNER, J.) (SAPORITO, M.J.) |
| LAUREL HARRY, | |
| Respondent. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated April 18, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

- 2 -

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: April 18, 2016                     ***s/ Joseph F. Saporito, Jr***.
                                          JOSEPH F. SAPORITO, JR.
                                          United States Magistrate Judge